JULIA E. BUELL, as Administratrix, etc., of CHARLES E. BUELL, Deceased, Respondent, *v.* UTICA GAS AND ELECTRIC COMPANY, Appellant.

Fourth Department, July 1, 1930.

*Arthur J. Foley*, for the appellant.

*Pratt & Fowler* [*Willard R. Pratt* of counsel], for the respondent.

PER CURIAM. The theory upon which the defendant has been found negligent is that it failed to raise its high tension electric wires constructed over private property, after it had knowledge that the property over which the wires were strung was being used in such a way that the boom of a crane was necessarily brought dangerously close to the wires. The difficulty with this theory is that the owner of the property several years before had granted to the defendant by a formal written instrument, acknowledged and recorded, an easement to maintain its electric power line over a certain strip of land definitely described. The wires in question were within this described strip of land. Further, after the grant of the easement and before the land was leased, the owner of the land and the defendant orally agreed upon the type of construction to be used by the defendant and the height of the wires. The construction agreed upon and the height arranged for were in all respects proper and, so far as any use of the land then contemplated, safe. No negligence can be predicated, therefore, upon the construction of the power line. It was after this that the owner rented the land to the employer of plaintiff's intestate and such tenant conducted an operation of unloading road material from railroad cars by means of a crane, the boom of which was necessarily brought close to the wires. The defendant by the grant of the easement and the oral agreement as to how the easement was to be enjoyed, acquired a continuing right to maintain the power line in the way that it was constructed. (*Onthank* v. *L. S. & M. S. R. R. Co.*, 71 N. Y. 194; *Dexter* v. *Beard*, 130 id. 549; *Nichols* v. *N. Y. & Pennsylvania Tel. & Tel. Co.*, 126 App. Div. 185; 19 C. J. 972.)

Neither the owner of the property subject to the easement (or his tenant) nor the owner of the easement itself could change the location of the electric line as far as agreed upon without the consent of the other. When the employer of plaintiff's intestate became the tenant of the property, he took it subject to the defendant's rights to maintain its line just as it was and the tenant was bound to adjust his use of the land to the defendant's use of its easement.

When he failed to do this, the fault was his and no duty was by his act cast on the defendant to raise the wires.

We also reach the conclusion that the plaintiff's intestate, knowing the dangers, was guilty of contributory negligence as matter of law in assisting in the operation in which he met his death.

All concur, TAYLOR, J., in a separate opinion. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

TAYLOR, J. (concurring). The work which Law Brothers did with this long crane arm was not initially foreseeable by defendant, whereby the power wires should have been originally strung higher. There is abundant proof that defendant made an earnest effort to co-operate with Law Brothers to prevent possible injury to their workmen, after the danger was capable of appreciation through the work being done with the crane, and that Law Brothers showed little interest in such co-operation and were not loath to go on immediately with their work, saying they would be careful, but would go on "notwithstanding the danger." Thus, without attempting to help bring about any precautionary arrangement, Law Brothers chose to proceed with the dangerous work at once, the accompanying risks being well known not only to the employer but to the decedent, because of a similar "flash" occurring before the fatal one, caused by bringing the crane too near to the wires. This course of conduct was insisted on, when (1) the contractor's work could have been deferred until the wires were raised, or (2) the work could have been carried on in perfect safety while the wires were being raised, by keeping the crane all the time outside the danger zone.

This dangerous situation, created by Law Brothers, so apparent to decedent, and so easily obviated until permanent safety could be provided for, was not one for the result of which — as and when occurring — defendant should be held responsible.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.